UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
PAMELA LINDA THOMAS,

              Plaintiff-

-vs-

MARJORIE SMITH, sued in her individual
capacity, COUNTY OF DUTCHESS, FAMILY
SERVICES, INC.,

              Defendants.
-----------------------------------------------------------X

06 Civ. _____
ECF Case

**COMPLAINT**

**JURY TRIAL DEMANDED**

**'06 CIV 00164**

**Judge McMahon**

### I. PARTIES

1. Plaintiff Pamela Linda Thomas is a resident of Poughquag, New York, in the Town of Beekman, within this Judicial district.

2. Defendant Marjorie Smith is the Dutchess County Chief Deputy District Attorney. She is sued in her individual capacity.

3. Defendant County of Dutchess is a municipality organized pursuant to the laws of the State of New York. It may sue and be sued.

4. Defendant Family Services, Inc., is a non-profit corporation doing business in Dutchess County with its principal offices located in Poughkeepsie, New York.

### II. JURISDICTION AND VENUE

5. As plaintiff brings this action to enforce her rights under the United States Constitution, this Honorable Court has subject matter jurisdiction pursuant to 42 U.S.C. § 1983 and 28 U.S.C. §§ 1331 and 1343(4) & (4).

6. As the State claims arise from the same nucleus of operative facts as the Federal claims, this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

7. As the events giving rise to this action arose in Dutchess County, within this Judicial district, this case is properly venued in the Southern District of New York.

## III. FACTUAL AVERMENTS

8. In 2003, plaintiff commenced working for Family Services as a volunteer crime victim's advocate. As a volunteer, plaintiff took training courses in domestic violence and child abuse, and was recognized for her dedicated and excellent service.

9. In February 2004, Family Services hired plaintiff as a paid victim's advocate to assist victims of sex crimes through a 24-hour crisis hotline and in-person advocacy services.

10. Family Services recognized plaintiff for her outstanding service and named her Advocate of the Month multiple times.

11. On April 25, 2005, the Town of Beekman held a community forum regarding a Level 3 sex offender, Vincent Leggio, who had recently moved into the Town in close proximity to its recreation center, playing fields and library. In New York, Level 3 sex offenders are deemed to present the greatest risk to the community.

12. Plaintiff attended the forum as a concerned member of the community. In particular, she has two daughters, and is closely involved in the lives of other local children, including young children living near Leggio. Her younger daughter attends day camp at the recreation center.

13. In her role as Chief Deputy District Attorney for Dutchess County, defendant

Marjorie Smith was a panel member at the forum. The panel also included the Beekman Town Supervisor, John Adams, a police investigator and a detective.

14. Before plaintiff spoke, members of the audience expressed frustration about the lack of information they had been provided about Leggio, as well as the panelists' failure to provide specific information regarding their rights as concerned community members and parents.

15. Plaintiff began her remarks by noting that she was there as a community resident with two daughters, one of whom regularly used the recreation center. She also noted that she was an advocate for victims of sex crimes, but was not speaking in a representative capacity.

16. Plaintiff expressed her view that the New York law regarding community notification was too vague and gave too much weight to protecting the rights of sex offenders. Earlier, Smith had defended the law, saying that while it was not perfect, it gave law enforcement a much needed tool.

17. Plaintiff further referred to Leggio as a monster and agreed with another audience member's suggestion that repeat sex offenders should be castrated. She also informed the audience that she had brought fliers with information about Leggio which she and others had obtained from the publicly available state sex offender registry.

18. Noting that Leggio was a repeat sex offender and no one could be sure that he would not offend again, plaintiff added that she hoped she never had to look into the eyes of any of the audience members' children after they had been victimized.

3

19. When the forum concluded, plaintiff approached the panelists, including Smith, who refused to shake plaintiff's hand. When Smith asked plaintiff if she was an attorney, plaintiff responded that she was a crime victims' advocate at Family Services. Smith then asked plaintiff who had trained her. When plaintiff responded, "Whitney Bonura [plaintiff's supervisor]," Smith said, "I'll be speaking with her.

20. The next day, Bonura told plaintiff that Smith had summoned her to the D.A.'s office. Bonura told plaintiff that Smith expressed extreme displeasure with plaintiff's public remarks, which Smith perceived to be critical of the system she represented. When plaintiff asked Bonura if her job was in jeopardy, Bonura assured her that it was not.

21. Thereafter, Smith continued to exert pressure on Family Services to fire plaintiff, including by speaking directly with the agency's director, Joan Crawford.

22. On May 2, 2005, Bonura told plaintiff that she was fired. Her only explanation was that "law enforcement" (i.e., Smith) could not work with her because of her remarks at the community forum.

23. As a result of her termination, plaintiff has suffered lost pay, lost professional opportunities, emotional and physical injuries.

24. Upon information and belief, since terminating plaintiff, Family Services has interfered with her ability to obtain other employment.

25. Smith's actions represented a flagrant abuse of governmental power and were malicious and/or wanton, i.e., taken in reckless disregard of plaintiff's First

4

Amendment rights.

## IV. CAUSES OF ACTION

26. Plaintiff incorporates the allegations in ¶¶ 1-24 as if fully restated herein.

27. By proximately causing plaintiff's termination in retaliation for her public speech on matters of public concern, defendant Marjorie Smith, a state actor, violated plaintiff's rights under the First Amendment to the United States Constitution, as made actionable by 42 U.S.C. § 1983.

28. As plaintiff's termination was the proximate result of a policy or custom of Dutchess County's District Attorney's office to retaliate against perceived critics and/or the proximate result of direct involvement by a delegated final policymaker, defendant Dutchess County violated plaintiff's rights under the First Amendment to the United States Constitution, as made actionable by 42 U.S.C. § 1983.

29. By acting in concert with state actors Dutchess County and Marjorie Smith to terminate plaintiff because of her public speech on matters of public concern, defendant Family Services, Inc., violated plaintiff's rights under the First Amendment to the United States Constitution, as made actionable by 42 U.S.C. § 1983.

30. By improperly and/or unfairly interfering with plaintiff's relationship with her employer, Family Services, Inc., and causing injury to that relationship, Smith tortiously interfered with plaintiff's business relationship in violation of New York common law.

31. By terminating plaintiff for her leisure time activity at a community forum, Family Services, Inc. violated plaintiff's rights under New York Labor Law § 201-d.

WHEREFORE, plaintiff prays that this Honorable Court:

a. accept jurisdiction over this matter;

b. empanel a jury to fairly hear and decide this matter;

c. award to plaintiff compensatory damages occasioned by the unlawful actions described above;

d. award to plaintiff punitive damages against defendant Smith;

e. reinstate plaintiff to her advocate position with Family Services, Inc. pursuant to 42 U.S.C. § 1983 and N.Y. Labor Law § 201-d(7)(a).

f. award to plaintiff reasonable attorneys' fees and costs expended in litigating this matter; and

g. order such other relief deemed just and proper.

Dated: January 3, 2006
Chester, New York

Respectfully submitted,

CHRISTOPHER D. WATKINS (CW 2240)

THORNTON, BERGSTEIN & ULLRICH, LLP
15 Railroad Avenue
Chester, New York 10918
(845) 469-1277
Counsel for plaintiff